**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

MELINDA MARTINEZ

                             Plaintiff,                    Case No.: _____

         -against-

LVNV FUNDING, LLC
RESURGENT CAPITAL SERVICES, LP.
ALLIED INTERSTATE LLC
ALEGIS GROUP, LLC
                             Defendants.

------------------------------------------------------------X

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Melinda Martinez brings suit against Defendant debt collectors for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq*., and for related state law torts, and in support alleges as follows.

### JURISDICTION AND VENUE

1.  The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (FDCPA) and the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq*. (FCRA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.  Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Kings County, New York.

1

## PARTIES

3.      Plaintiff MELINDA MARTINEZ (hereinafter "Ms. Martinez") is an individual residing in Kings County, New York.

4.      Defendant LVNV FUNDING LLC ("LVNV") is a limited liability corporation, organized under the laws of the State of Delaware.  LVNV engages in business in New York. This suit arose out of LVNV's business in New York.   Therefore, LVNV may be served by and through the New York Secretary of State located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.      Defendant ALLIED INTERSTATE, LLC ("Allied") is a limited liability company, organized under the laws of the State of Minnesota. Allied engages in business in New York. This suit arose out of said Defendant's business in New York.   Therefore, Allied may be served by and through the New York Secretary of State located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

6.      Defendant RESURGENT CAPITAL SERVICES, LP ("Resurgent") a limited partnership organized under the laws of the State of Delaware. Resurgent is a limited liability corporation, organized under the laws of the State of Delaware.  Resurgent engages in business in New York. This suit arose out of LVNV's business in New York.   Therefore, Resurgent may be served by and through the New York Secretary of State located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

2

7.     Alegis Group, LLC is the general partner of Resurgent Capital Services, LP and thus is liable for the debt collection violations and other actions of Resurgent. Defendant Alegis is a limited a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain designated agent for service of process in New York. This suit arose out of said Defendant's business in New York.  Therefore, Alegis

Group, LLC, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to Defendant by and through its Delaware registered The Corporation Service Company, 2711 Centerville, Rd., Ste. 400, Wilmington, DE 19808.

8.     The court has jurisdiction over LVNV, Resurgent, Alegis, and Allied because they, in person or through an agent, transact business within the state of New York; committed a tortious act in the state of New York causing injury to a person; committed a tortious act in the state of New York and 1) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state; 2) expect or should reasonably expect their acts to have consequences in the state and derive substantial revenue from interstate or international commerce; and/or 3) expect or should reasonably expect their acts to have consequences in the state and derive substantial revenue from interstate or international commerce.

## STATEMENT OF FACTS

9.  On or about August 2, 2006, LVNV sued Ms. Martinez in Bronx County Civil Court, LVNV Funding, LLC v. Melinda Martinez, No. CV-063752-06/BX (N.Y. Civ. Ct. August 2, 2006) (hereinafter, "the collections lawsuit").

10. The collections lawsuit sought to collect a putative debt for $1,246.44 (with interest at

3

9%) alleged to originally be owed to Household Bank.

11. Ms. Martinez was never served with process in the collections lawsuit.

12. On or about January 18, 2007, the court entered a default judgment against Ms. Martinez in the collections lawsuit based on a false affidavit of service of the summons and complaint.

13. On or about December 28, 2010, Ms. Martinez filed a motion to vacate judgment in the collections lawsuit.

14. On or about March 3, 2011, the court granted Ms. Martinez's motion to vacate judgment.

15. A trial on the merits was set for July 12, 2011, wherein the state court dismissed the collections lawsuit with prejudice.

16. A dismissal with prejudice is adjudication on the merits that the putative debt was not owed.

17. On information and belief, LVNV's communications with credit reporting agencies regarding this account went through its "servicers" and "subservicers," Resurgent and Allied.

18. Thus, LVNV, Resurgent and Allied are jointly and severally liable for the acts taken in attempt to collect the debt for LVNV, including an impermissible credit pull and dunning letter for an amount not owed.

19. On October 15, 2012, LVNV, through its master servicer Resurgent, pulled Ms. Martinez's credit report in connection with an attempt to collect the putative debt that the court adjudicated as not owed by dismissing the collection lawsuit with prejudice.

20. Ms. Martinez did not know, nor could she have reasonably known, about the credit report

pull until she saw a copy of her April 10, 2013 credit report.

21. Because of the adjudication the Ms. Martinez did not owe the putative debt, neither LVNV nor Resurgent had a permissible purpose to pull her credit report, a fact LVNV and Resurgent knew or should have known.

22. LVNV was the party to the collection lawsuit and, at a minimum, is charged with knowledge of its acts in the collection lawsuit. The communications regarding the collections lawsuit were going through Resurgent, LVNV's master servicer so it had actual knowledge of the dismissal with prejudice.

23. Ms. Martinez applied for credit after LVNV, through Resurgent, pulled Ms. Martinez's credit report.

24. On information and belief, the prospective creditor pulled Ms. Martinez's credit report and saw the prior pull from the debt collector.

25. The prospective creditor denied Ms. Martinez credit.

26. The impermissible pull of her credit report by LVNV, through Resurgent invaded Ms. Martinez's privacy, illegally disclosing her most private personal financial information.

27. The credit report Resurgent pulled disclosed Ms. Martinez's social security number, her date of birth, and the names and account numbers of her purported current and former creditors for at least the prior seven years.

28. It is embarrassing to disclose to strangers with no permissible purpose each and every account one has or is alleged to have over the last seven years, including every alleged missed payment or delinquency.

5

29. Existing and prospective creditors could see that a debt collector had pulled Ms. Martinez's report, leading to defamatory and embarrassing implications regarding her credit reputation.

30. This was especially embarrassing and frustrating for Ms. Martinez as the state court had already adjudicated that she did not owe the putative debt that her credit report was impermissibly pulled in connection with collection.

31. Current and prospective creditors would believe that Ms. Martinez was delinquent or in default on a debt.

32. Moreover, despite the collections lawsuit being dismissed with prejudice in March 2011, LVNV sent Ms. Martinez a collections letter

33. On March 4, 2013, LVNV, through Resurgent and Allied sent a collection letter to Ms. Martinez seeking to collect the putative debt that the state court judge adjudicated Ms. Martinez did not owe. The collection letter was under the letterhead of Allied, and listed LVNV as the putative creditor. The continued collection of a debt not owed caused Ms. Martinez emotional distress including anger, frustration, and exasperation.

34. On information and belief when LVNV, through Resurgent, forwarded the putative account to Allied for collection it did not disclose to Allied that the debt was extinguished or, at a minimum, disputed. On information and belief LVNV, through Resurgent, forwarded the account to Allied within one year of the filing of this action.

35. Ms. Martinez sent a verification demand to LVNV, through Allied, within 30 days of her receipt of the letter.

6

36. As a result of Defendants' conduct, Ms. Martinez has suffered actual damages, including financial and pecuniary harm arising from monetary losses relating to credit denials, loss of credit and loan opportunities, out-of-pocket expenses including, but not limited to, postage for dispute letters, costs of copies, and other related costs, all of which will continue into the future.

37. As a result of Defendants' conduct, Ms. Martinez has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Ms. Martinez.

38. As a result of Defendants' conduct, Ms. Martinez has suffered defamation of her credit reputation.

39. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

40. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Ms. Martinez herein.

## COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (AGAINST ALL DEFENDANTS)

41. Ms. Martinez repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also Hamilton v. United

7

Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

43. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

44. The obligation Defendants alleged to be owed by Ms. Martinez is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

45. Ms. Martinez is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Ms. Martinez was alleged to owe a "debt."

46. Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) because their principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

47. LVNV purchases charged off consumer accounts after they are in default with the putative original creditor and attempts to collect on them by sending thousands of collection

Last saved 1/31/2014 11:04:00 AM

letters and filing thousands of collections lawsuits.

48. Resurgent acts as the master servicer for charged off consumer debt owned by LVNV, servicing, administering, and collecting LVNV's charged-off receivables. Therefore, Resurgent is the agent of LVNV.

49. Resurgent pulls credit reports and arranges for sub-servicers to collect via collection letters and phone calls.

50. Alegis is the general partner for Resurgent and is responsible for the management of Resurgent. Therefore, Resurgent is also the agent for Alegis.

51. Allied acts as a sub-servicer for Resurgent, servicing, administering, and collecting LVNV's charged-off receivables. Therefore, Allied is the agent of LVNV, Resurgent, and Alegis.

52. LVNV acquired the putative debt after it was in default.

53. Alegis, Resurgent, and Allied acquired the putative debt for "servicing" from LVNV after it was in default.

54. LVNV attempts to collect hundreds of thousands of alleged consumer debts acquired after default from the original creditor by retaining "servicers" such as Resurgent who make phone calls, send letters, and report putative debts on behalf of LVNV.

55. By forwarding the account to Allied for further collections without disclosing that the debt was extinguished do to the court order, LVNV, through Resurgent, Resurgent and LVNV communicated credit information that they know or should have known was false.

56. Defendants violated the following sections of the FDCPA: 15 U.S.C. § 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the following

actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## COUNT #2: VIOLATION OF THE FAIR CREDIT REPORTING ACT (AGAINST DEFENDANTS LVNV, RESURGENT, AND ALEGIS)

57. Ms. Martinez repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

58. The commonly used term "credit reporting agencies" is used interchangeably in this complaint with the technical definition of that same term used by the FCRA, "consumer reporting agencies."

59. Ms. Martinez is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681a(c) because she is an individual.

60. LVNV and Resurgent are each a "person" as defined by the FCRA, USC § 1681a(b).

61. LVNV and Resurgent obtained information regarding Ms. Martinez from a "consumer

reporting agency," as defined by the FCRA, 15 USC § 1681a(f).

62. A "consumer reporting agency" is commonly known as a "credit reporting agency" and includes, without limitation, such companies as Experian, Equifax, and TransUnion.

63. LVNV and Resurgent obtained documents (whether in written or electronic form) from one or more credit reporting agencies regarding Ms. Martinez, and said documents are "consumer report[s]," as defined by the FCRA, 15 USC § 1681a(d).

64. A "consumer report" is commonly known as a "credit report."

65. LVNV and Resurgent requested, obtained, used and/or disseminated the consumer reports of Ms. Martinez, or information contained therein, without any of the permissible purposes or uses enumerated in the FCRA, 15 USC § 1681b(a).

66. The actions of LVNV and Resurgent were intentional and willful. Pursuant to 15 USC § 1681n and 1691q, any natural person who willfully fails to comply with any of its requirements under the FCRA, including the limitations on accessing a consumer report, or who knowingly and willfully obtains a consumer report without a permissible purpose and under false pretenses, is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 USC § 1681n, the costs of the action together with reasonable attorneys'

Last saved 1/31/2014 11:04:00 AM

fees.

67. As a result of their request and receipt of a consumer report under false pretenses or knowingly without a permissible purpose, LVNV and Resurgent are liable to Ms. Martinez in an amount equal to the sum of (i) any actual damages sustained by Ms. Martinez as a result of the impermissible pull or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

68. As a result of LVNV's and Resurgent's knowing and willful request and receipt of information regarding Ms. Martinez from a consumer reporting agency under false pretenses, LVNV, Resurgent and Alegis are liable to Ms. Martinez in an amount equal to the sum of (i) any actual damages sustained by Ms. Martinez as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

69. In the alternative, the actions of LVNV and Resurgent were negligent. Pursuant to 15 USC § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 USC § 1681o, the costs of the action together with reasonable attorneys' fees.

70. As a result negligent failure of LVNV and Resurgent to comply with the FCRA, they are liable to Ms. Martinez in an amount equal to the sum of (i) any actual damages sustained by the

Last saved 1/31/2014 11:04:00 AM

Ms. Martinez as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees and costs.

71. Alegis, as the general partner of Resurgent, is jointly and severally liable for the acts of Resurgent.

72. Actual damages are not a prerequisite for punitive damages under the FCRA.

## COUNT# 3: DEFAMATION (AGAINST DEFENDANTS LVNV, RESURGENT AND ALEGIS)

73. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

74. LVNV, through Resurgent, published statements to various creditors, prospective credit grantors, other credit reporting agencies, and other entities derogatory and inaccurate information, that is, that Ms. Martinez owes a past-due debt to them when this is not true.

75. Existing and prospective creditors could see that a debt collector had pulled Ms. Martinez's report, leading to defamatory and embarrassing implications regarding her credit reputation.

76. Current and prospective creditors would believe that Ms. Martinez was delinquent or in default on a debt, when in fact the state court adjudicated she did not owe the putative debt.

77. This was especially embarrassing and frustrating for Ms. Martinez as the state court ruled she does not owe the putative debt for which the credit pull was attempting to collect.

78. LVNV, through Resurgent, published those statements each time a credit report on the

Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

79. The statements made by LVNV, through Resurgent, are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

80. LVNV, through Resurgent, published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

81. LVNV and Resurgent knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

82. The written statements and publications constitute libel per se.

83. LVNV and Resurgent maliciously defamed Plaintiff because they knowingly published false, inaccurate, and misleading information about Ms. Martinez.

84. LVNV and Resurgent had actual knowledge of the false, inaccurate, and misleading nature of such information and published it despite that actual knowledge.

85. LVNV and Resurgent actual knowledge of the falsity and its reckless disregard for the truth demonstrates its malicious and/or willful intent to injure plaintiff.

86. As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

87. LVNV and Resurgent are liable to plaintiff for the actual damages he has sustained as a direct and proximate result of such conduct.

Last saved 1/31/2014 11:04:00 AM

88. Plaintiff is entitled to an award of punitive damages from LVNV and Resurgent in an amount sufficient to punish it for its malicious and reckless conduct as well as to serve as a deterrent to them and to others in order to prevent the occurrence of such egregious conduct in the future.

89. The conduct of LVNV and Resurgent was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, LVNV and Resurgent are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

90. Alegis, as the general partner of Resurgent, is jointly and severally liable for the acts of Resurgent.

## COUNT# 4: INVASION OF PRIVACY/ FALSE LIGHT (AGAINST DEFENDANTS LVNV, RESURGENT AND ALEGIS)

91. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

92. The impermissible pull of her credit report by LVNV, through Resurgent invaded Ms. Martinez's privacy, illegally disclosing her most private personal financial information.

93. The credit report Resurgent pulled disclosed Ms. Martinez's social security number, her date of birth, and the names and account numbers of her purported current and former creditors for at least the prior seven years.

94. It is embarrassing to disclose to strangers with no permissible purpose each and every

15

account one has or is alleged to have over the last seven years, including every alleged missed payment or delinquency.

95. Existing and prospective creditors could see that a debt collector had pulled Ms. Martinez's report, leading to defamatory and embarrassing implications regarding her credit reputation.

96. This was especially embarrassing and frustrating for Ms. Martinez as the state court had already adjudicated that she did not owe the putative debt that her credit report was impermissibly pulled in connection with collection.

97. Current and prospective creditors, and anyone viewing her credit report, would believe that Ms. Martinez was delinquent or in default on a debt.

98. The actions of LVNV, through Resurgent, violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors, current creditors conducting account reviews, and others who may view her credit report.

99. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name, damaged Plaintiff's peace of mind, and caused Plaintiff mental and emotional distress.

100. The conduct of LVNV, through Resurgent, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other

Last saved 1/31/2014 11:04:00 AM

relief, permitted under the law.

## JURY DEMAND

101.    Ms. Martinez demands a trial by jury.

## PRAYER

102.    WHEREFORE, plaintiff asks for judgment against defendants for the following:

a. The above referenced relief requested;

b. Statutory damages against all Defendants under the FDCPA up to $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

c. Statutory damages against LVNV, Resurgent, and Alegis under the FCRA of not less than $100 and no more than $1,000, or actual damages, whichever is greater pursuant to 15 U.S.C. § 1681n.

d. Actual, exemplary, and punitive damages within the jurisdictional limits of the court;

e. Attorney fees and costs;

f. A declaration that Defendants violated the FDCPA as alleged;

g. Prejudgment and post judgment interest as allowed by law;

h. General relief;

i. All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled.

Dated:  Brooklyn, New York
        January 31, 2014

Respectfully submitted,

Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor

Last saved 1/31/2014 11:04:00 AM

Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:     (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com