UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>MARTINEZ v. LVNV HOLDING LLC, et al.</u>
14-cv-677 (RRM)

<u>MINUTE ORDER</u>

     At a conference held on May 21, 2015, this Court made rulings on the record with respect to plaintiff's motions to compel (ct. docs. 58 and 62), which are summarized and further discussed below:

     1.  With respect to the identities of persons with knowledge embodied in Interrogatories 1 and 2, the plaintiff's motion to compel (ct. doc. 58) is denied.  The Court previously ruled on this issue, finding that defendants' responses were sufficient, but directing defendants to supplement their response to state that the responses were complete.  Although the defendants have suggested, in the context of their responses that they have no further knowledge, they have not clearly indicated that their responses are complete, as directed.  They must further supplement their responses by clearly stating whether their responses to these two interrogatories are complete.

     2.  With respect to plaintiff's motion to compel (ct. doc 58) production of the collection agreements, the motion is denied as moot, since defendants have previously provided documents, including recently producing a collection agreement between Resurgent Capital Services, LP ("Resurgent") and LVNV Funding LLC ("LVNV") and the collection attorney agreement between Resurgent and Solomon and Solomon ("Solomon").  However, defendants must confirm in writing that the documents provided were in effect for the relevant time period in question, as discussed on the record.

     3.  With respect to plaintiff's request for the "agency manual" referenced in the collection agreement between Resurgent and Allied Interstate, Inc. ("Allied"), plaintiff's motion is

moot[1] since defendants have agreed to produce the manual, subject to review.

    4. With respect to the production of emails referenced in Resurgent's collection notes, see ct. doc. 62, defendants state that they have produced or will produce emails from Resurgent and Solomon from 2011. However, defendants are directed to conduct a further search for all emails pertaining to plaintiff's account and, in particular, the emails mentioned in the 1/12/11 note of "chouser" and produce a formal statement on the completeness of the search and production.

    6. If any email or other document is redacted or withheld, the parties must provide a privilege log that comports with the provisions of Federal Rule of Civil Procedure 26.

    7. Defendants must provide the additional responses required above by June 10, 2015.

    8. Finally, the Court declines to disturb the confidential designations defendants accorded the collection servicing agreements. As previously noted, since defendants have produced copies of the agreements, the limitations on dissemination and disclosure of materials reflected in the protective order have not hampered plaintiff from obtaining information.

This Court has already sustained the confidential designations challenged by plaintiff as to many documents, but deferred ruling on the disputed designation of the collection agreements because of plaintiff's contention that defendants may have previously produced the agreements in other litigation without a protective order.[2] As the Supreme Court has

---

    [1] Although the motion is moot, the Court notes that defendants' response suggests that plaintiff may not have sufficiently conferred in good faith with defendants regarding this request.

    [2] Plaintiff cites Agbuya v. LVNV Funding, LLC., 10-CV-02183 (E.D.N.Y.) as a example. However, as the docket sheet for Agbuya makes clear, defendants LVNV and Resurgent filed an application,

recognized, litigants do not have "an unrestrained right to disseminate information that has been obtained through pretrial discovery" and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 31 (1983). Moreover, courts have the "discretion to limit [] secondary use of discovery materials through a protective order." Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 76-77 (S.D.N.Y. 2010) (citing cases). See also Sperry Rand Corp. v. Rothlein, 288 F.2d 245, 246, 249 (2d Cir. 1961) (affirming district court order enjoining parties from making any use of information in another proceeding without prior court order). Given the fact that plaintiff's counsel is involved in a number of other lawsuits brought against the defendants, the possibility that defendants' contemplated motion may result in narrowing or dismissal of the claims, and the unclear support for plaintiff's claim that defendants have not maintained the confidentiality of the documents in dispute, this Court finds no need to strike the confidential designation of the collection servicing agreements.[3]

---

albeit belatedly, for leave to file a motion to enforce the confidential designation in a protective order issued in the case. Id., ct. docs. 21, 22. The defendants later withdrew their motion, apparently because the parties had reached an agreement to settle and the plaintiff would be filing a stipulation of dismissal. Id., ct. doc. 25. Plaintiff filed a notice of voluntary dismissal two days later. Id., ct. doc. 26. Under these circumstances, this Court cannot conclude that defendants had abandoned efforts to protect the confidentiality of the agreements, as claimed by plaintiff.

[3] In opposition to defendants' motion for a protective order regarding the collection servicing agreements, plaintiff cites several cases, including Kahn v. Midland Funding LLC, 956 F. Supp. 2d 515, 516 (S.D.N.Y. 2013), for the proposition such agreements "are usually ordered to be produced without the requirement of a protective order." See ct. doc. 51 at 6. However, the Court in Kahn and the other cases cited addressed only whether similar collection agreements were subject to

9.   Other than the discovery covered by this minute order, discovery is stayed pending disposition by Judge Mauskopf of plaintiff's contemplated motion to amend and defendants' motion for summary judgment.  A conference will be set following the scheduling of a further pre-motion conference before Judge Mauskopf.

**SO ORDERED.**

Dated:     Brooklyn, New York
           May 27, 2015

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

---

discovery, not whether they were subject to confidential treatment.  See Kahn, 956 F. Supp. 2d at 216-17.