UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MELINDA MARTINEZ,

                        Plaintiff,

  -against-

LVNV FUNDING, LLC, RESURGENT CAPITAL
SERVICES, L.P., ALLIED INTERSTATE, LLC
ALEGIS GROUP, LLC,

                        Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**14-CV-00677 (RRM) (ST)**

      Plaintiff Melinda Martinez seeks leave to amend her complaint to add a claim under New York General Business Law ("GBL") § 349.[1] *See* Dkt. No. 86. The Honorable Roslynn R. Mauskopf referred Plaintiff's motion to me. For the reasons set forth below, Plaintiff's request is granted.

      Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or

---

[1] This is Plaintiff's second request for leave to amend her complaint. On May 13, 2015, Plaintiff sought a pre-motion conference to discuss her anticipated motion to amend her complaint. *See* Dkt. No. 71. A pre-motion conference was scheduled for December 17, 2015. *See* 9-18-15 Scheduling Order. On December 14, 2015, Plaintiff filed a revised letter request to Judge Mauskopf indicating that in addition to the changes set forth in her May 13, 2015 letter, she would also like to amend her complaint to add a claim under GBL § 349. During the December 17, 2015 pre-motion conference, the Court granted Plaintiff leave to file her first amended complaint pursuant to her original May 13, 2015 request. *See* Dkt. No. 79. Judge Go, the Magistrate Judge previously assigned to this case, then set a briefing schedule on Plaintiff's request to amend the complaint to add the GBL claim. *See* 12-23-15, Minute Entry. The fully briefed motion to amend was filed on March 1, 2016. *See* Dkt. No. 86. Plaintiff refers to the amended complaint that is the subject of the instant memorandum and order as the "First Amended Complaint" ("FAC") throughout her moving papers. In reality, the amended complaint that is the subject of this memorandum and order is the Second Amended Complaint ("SAC") and will be referred to as such herein. *See* Dkt. No. 86-1 ("Pl.'s Mem."), Ex. A.

1

21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). When a party cannot amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011); *Amaya v. Roadhouse Brick Oven Pizza, Inc.,* 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion.") (internal quotation marks and citations omitted). Thus, "Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ." *Assam v. Deer Park Spring Water, Inc.,* 163 F.R.D. 400, 404 (E.D.N.Y. 1995).[2]

---

[2] Defendants contend that the Court should apply the "good cause" standard established by Rule 16 of the Federal Rules of Civil Procedure because Plaintiff filed the motion to amend well beyond the discovery deadline set by the Magistrate Judge managing discovery in this case. Magistrate Judge Go set a scheduling order at the April 24, 2014 Initial Conference. *See* 4-24-14 Minute Entry. This original scheduling order set July 23, 2014 as the deadline by which a party may file an application for leave to amend. However, the scheduling order was later set aside by Judge Go during the February 2, 2015 conference. *See* 2-2-15 Minute Order. To date, no revised discovery schedule has been issued. Without an operative scheduling order, the Court declines to apply the Rule 16 standard.

Even if Rule 16 did apply, however, Plaintiff has met the good cause standard. Plaintiff filed her revised letter seeking to amend the complaint to add a GBL § 349 claim on December 14, 2015. Plaintiff became aware of this new claim largely in part because of discovery and filings in *Rosas v. Arrow Fin. Servs., LLC*, 14-CV-06462 (AMD) (JO) and *O'Neill v. LVNV Funding, LLC et al.*, 14-CV-7636 (ER) (DCF). One of the filings that Plaintiff relies on from *Rosas* includes a stipulation filed on December 1, 2015, in which the LVNV Defendants, the same defendants involved in this case, admitted that they systematically and willfully attempted to collect on vacated judgments. As explained in further detail below, a GBL § 349 claim requires that the conduct be consumer oriented. *See Williams v. Prof'l Collection Servs., Inc.*, 2004 WL 5462235, at *3 (E.D.N.Y. Dec. 7, 2004) (finding that in order to meet the consumer oriented prong of a GBL § 349 claim, a plaintiff "cannot merely allege [injury] to themselves but must allege that the defendants engaged in consumer oriented acts." Thus, the plaintiff must show "that the act complained of has a broad impact on consumers at large."). The fact that Plaintiff's counsel became aware in April 2015 that Defendants were collecting on *Plaintiff's* vacated judgment rather than the underlying debt, without more, is of no moment. Plaintiff's diligence in seeking leave to add a claim under GBL § 349 soon after she learned of Defendants'

2

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007). "The party opposing amendment bears the burden of demonstrating good reason for denial." *Debrosse v. City of New York*, 2016 WL 3647589, at *2 (E.D.N.Y. May 25, 2016) (citing *Speedfit, LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015)), *adopted by*, 2016 WL 3647590 (E.D.N.Y. June 30, 2016).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Thus, the appropriate question at this stage is "not whether plaintiff will prevail [on the facts as alleged in the complaint], but rather whether the claimant is entitled to offer evidence to support the claims." *Williams*, 2004 WL 5462235, at *2 (internal quotation marks and citations omitted).  Whether to allow a party to amend its complaint is left to the discretion of the Court. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993). "In determining whether to grant leave to amend, the Court must accept the moving party's non-conclusory factual pleadings and draw all reasonable inferences in that party's favor, 'to determine whether the allegations plausibly give rise to an entitlement to relief.'" *Heinz-Wright v. City of New York*, 2016 WL 3627323, at *2 (E.D.N.Y. June 3, 2016) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)), *adopted by*, 2016 WL 3620759 (E.D.N.Y. June 29, 2016); *see Konrad v. Epley,* 2013 WL

---

systematic and consumer oriented conduct would be sufficient even under the more restrictive Rule 16 standard. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

6200009, at *20 (E.D.N.Y. July 31, 2013), *adopted by,* 2013 WL 6200009 (E.D.N.Y. Nov. 25, 2013).

Defendants' principal objection to the proposed amendment is that Plaintiff's GBL § 349 claim is futile. Specifically, Defendants argue that Plaintiff's deceptive consumer practices claim is, in reality, merely an artfully crafted complaint against abusive debt collection practices under GBL § 601, which does not provide a private cause of action. *See* Dkt. No. 86-2 ("Defs'. Mem.") at 1, 5. It is true that an abusive debt collection practice in violation of GBL § 601 does not "necessarily constitute[] a deceptive act under Section 349[,]" and "plaintiffs cannot thwart legislative intent by couching a Section 601 claim as a Section 349 claim." *Conboy v. AT&T Corp.,* 241 F.3d 242, 258 (2d Cir. 2001). It does not follow, however, that simply because a given set of facts would give rise to a claim under GBL § 601 that a private action under GBL § 349 would be barred. As Judge Rakoff recently explained,

> *Conboy* simply stands for the proposition that a § 601 claim is not necessarily a § 349 violation: it did not address conduct that supports claims under both § 601 and § 349. In particular, it does not disallow a § 349 claim because the underlying conduct also constitutes a violation of § 601. There is no basis for [defendant's] argument that § 601 bars overlapping § 349 claims.

*Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 2016 WL 791271, at *5 (S.D.N.Y. Feb. 27, 2016).

Defendants rely heavily on *Gomez v. Resurgent Capital Servs., LP*, where the Court dismissed a claim under GBL § 349 on a motion for summary judgment because it found that as a matter of law, a GBL § 349 claim cannot be raised to assert a claim that is really a claim pursuant to Section 601. 129 F. Supp. 3d 147, 158-59 (S.D.N.Y. 2015). This conclusion misinterprets *Conboy*, as *Conboy* merely disallowed a claim under Section 349 that was *solely* a violation of Section 601. *See Samms*, 2016 WL 791271, at *5. The proposition that a party

4

cannot raise an independent GBL § 349 claim where an overlapping claim exists under a statute that does not provide a private right of action was raised and rejected in *M.V.B. Collision, Inc. v. Allstate Ins. Co.* 728 F. Supp. 2d 205, 219 (E.D.N.Y. 2010). In *M.V.B. Collision,* the court found that neither *Conboy* nor *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005) "held that a § 349 claim is barred simply because some overlap exists between the deceptive practices at issue and a state statute for which there is no private right of action." *Id.* at 219. Similarly, in *Sigall v. Zipcar, Inc.*, the court held that with respect to a claim brought under GBL § 396–z, which also does not provide a private cause of action, "Plaintiffs still may bring a claim under § 349 for deceptive acts or practices, provided it is a 'free-standing claim of deceptiveness under GBL § 349 that happens to overlap with a possible claim under' § 396–z . . . and not merely an 'alleg[ation] that a violation of [§ 396–z] necessarily constitutes a deceptive act under Section 349.'" 2014 WL 700331, at *4 (S.D.N.Y. Feb. 24, 2014) (citing *Broder*, 418 F.3d at 200), *aff'd*, 582 Fed. App'x 18 (2d Cir. 2014). *Gomez* overlooked the distinction addressed in *Samms*, *M.V.B. Collision*, and *Sigall,* that a plaintiff may properly plead a claim under GBL § 349 that might also overlap with a claim under GBL § 601 if the plaintiff can set forth a free-standing claim under Section 349. As a result, I find *Gomez* to be unpersuasive and against the weight of more compelling authority. Thus, the crucial inquiry for the Court to consider at this stage is whether Plaintiff has alleged an independent claim under GBL § 349 or if she has only alleged that Defendants' violation of § 601 necessarily constitutes a violation under GBL § 349.

"To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). "Consumer-oriented [is] defined as conduct that 'potentially affect[s]

5

similarly situated consumers.' . . . Although [] the plaintiff need not show that the acts complained of occurred 'repeatedly—either to the same plaintiff or to other consumers,' he must demonstrate that the act complained of has a broad impact on consumers at large." *Williams,* 2004 WL 5462235, at *2-3 (internal quotation marks and citations omitted). "'Deceptive practices' are 'acts which are dishonest or misleading in a material respect.' 'Deceptive acts' are defined objectively [] as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (citations omitted) (alteration in original). Finally, the plaintiff must show that the deceptive "act or practice resulted in [her] actual injury." *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 3 N.Y.3d 200, 206, 785 N.Y.S.2d 399, 402 (2004) (citations omitted).

A clear reading of Plaintiff's Second Amended Complaint indicates that Plaintiff has satisfied her burden of pleading a free-standing claim under GBL § 349. Indeed, Defendants essentially concede that Plaintiff has adequately pled each of the § 349 elements with the exception of the "deceptive practices" requirement. The only argument that Defendants assert on this issue, however, is that Plaintiff did not cite to any legal precedent to support her claim that Defendants' alleged conduct, even if true, constitutes a deceptive act or practice under GBL § 349. Defs.' Mem. at 5. Putting aside whether Defendants' burden-shifting approach to Rule 15 analysis should be rejected as contrary to the well-established principle that a party opposing amendment has the burden to demonstrate futility, *see, e.g., Debrosse,* 2016 WL 3647589, at *2, their arguments fail for an even more fundamental reason. Simply put, Defendants' alleged practice of attempting to collect on judgments after those judgments had been vacated is deceptive on its face. The collection notices purport to collect a valid legal judgment when, in fact, the judgment had already been vacated. SAC ¶¶ 15-16, 33. Any argument that such conduct

is not deceptive as a matter of law is baseless. A reasonable consumer reading such a notice would likely be misled into believing that a valid court judgment existed and this belief could coerce a reasonable consumer into paying the judgment under the mistaken belief that they could be subject to even harsher penalties for failing to pay a valid legal judgment.[3]

Defendants also contend that Plaintiff's GBL § 349 claim is defective because it relied on evidence and court filings in other proceedings. This argument is unavailing. "While allegations from another lawsuit are not evidence and cannot be introduced in a later trial for collateral estoppel purposes [or even as direct evidence of the truth of the facts asserted], plaintiffs need not provide admissible proof at [the motion to dismiss] stage. The Federal Rules of Civil Procedure permit discovery on relevant matters that appear 'reasonably calculated to lead to the discovery of admissible evidence.'" *In re OSG Sec. Litig.*, 12 F. Supp. 3d 619, 622 (S.D.N.Y. 2014). Thus, while the specific allegations from other lawsuits that Plaintiff includes in her Second Amended Complaint may not be admissible at a later stage, investigation and discovery on these allegations may well lead to admissible evidence establishing Defendants' alleged conduct. *Id*. at 620-22; *see also Rodriguez v. City of New York,* 2016 WL 3264166, at *3 (E.D.N.Y. June 13, 2016).[4] Moreover, to the extent that Plaintiff seeks to rely on "evidence

---

[3] In this case, Defendants' alleged conduct is even more deceptive because not only was the judgment vacated, but the Court allegedly found, after a trial on the merits, that the underlying debt was not owed. SAC ¶¶ 16-17.

[4] Defendants' reliance on *In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d 198, 211-12 (S.D.N.Y. 2012) is inapposite. That case involved a motion for summary judgment in which the court refused to take judicial notice of documents filed in other lawsuits because plaintiffs were improperly attempting to use those court filings to prove the truth of the facts contained therein, not merely to establish notice. There is no question of judicial notice here, as the Court is required to accept all allegations in the complaint as true at the pleading stage and Plaintiff is under no obligation to establish those allegations through the use of competent evidence at this time. While the District Court in *DDAVP* did also deny plaintiff's belated request to amend the complaint, it did so because the proposed amendment failed to state a claim *even if the court considered the filings from other lawsuits*. *Id*. at 212. The court did not,

gathered in other actions" as a means of establishing that Defendants' practices were widespread enough to be considered "consumer oriented" under GBL § 349, there is nothing implicitly improper about such a course of action. Such evidence, standing alone, may not be sufficient to establish a violation. But it has no bearing on the viability of Plaintiff's pleading at this stage of this case, and, coupled with the allegations of specific acts committed against Plaintiff herself, is more than sufficient to meet the requirements of Rule 12(b)(6).

Finally, Defendants contend that they will be prejudiced by Plaintiff's additional claim under GBL § 349 because a substantial amount of discovery has been conducted up to this point and "Defendants would be prejudiced by allowing the Plaintiff to proceed with what is ultimately a futile claim." Defs.' Mem. at 4, 9. With respect to Defendants' assertion relating to discovery that has already been completed, the Court notes that Judge Go had limited the scope of discovery pending the resolution of Defendants' contemplated motion for summary judgment. *See* Dkt. Nos. 39, 54. Additionally, other than certain discovery set forth by the Court in its May 27, 2015 Order, discovery was stayed from May 27, 2015 through December 22, 2015, pending the resolution of Plaintiff's first motion to amend. *See* 5-27-15 Minute Order and Dkt. No. 74. Lastly, and most significantly, Plaintiff has filed the GBL claim in a separate action, 16-cv-01074 (KAM) (VMS), pending the resolution of the instant motion. Given that Plaintiff's claim is not ripe for dismissal, discovery on this claim would commence in either the instant case or in the newly filed case. Because discovery relating to the GBL claim must commence in either case, Defendants plainly are not prejudiced by the requested amendment.

---

as Defendants imply, deny the amendment *because* the proposed amended complaint included allegations from court filings in other lawsuits. Thus, *DDAVP* has no application to the instant motion.

For the foregoing reasons, Plaintiff's motion to amend is granted.[5]

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
September 30, 2016

---

[5] Motions for leave to amend are considered to be nondispositive and subject to review under the "clearly erroneous or contrary to law" standard of Rule 72(a) of the Federal Rules of Civil Procedure. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[a]s a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent").